UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANESHA BEST,<br>    Plaintiff,<br><br>    v.<br><br>GARY COMMUNITY SCHOOL<br>CORPORATION, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 2:22-CV-56-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 49] filed by Defendants Gary Community School Corporation, Gary Schools Recovery LLC, MGT of America Consulting, LLC and Dr. Peter Morikis ("School Defendants") on November 27, 2023, and Intervenor State of Indiana's Motion for Summary Judgment [DE 52] filed on November 28, 2023.

**I.   Background**

On February 11, 2022, Plaintiff Tanesha Best filed a Complaint in state court alleging that she was wrongfully terminated by School Defendants and raising claims for breach of contract, a claim pursuant to 42 U.S.C. § 1983 for violation of the due process and contract clauses of the federal and state constitutions by Defendant Morikis, a claim that the other Defendants violated the due process and contract clauses of the federal and state constitutions, and requests for a declaratory judgment that the state statutes at issue (Indiana Code § 6-1.1-20.3-6.8 and Indiana Code § 20-28-7.5-1) violate the contract clauses of the federal and state constitutions, and that the Indiana statute placing the Gary schools under state control is unconstitutional special legislation. the matter was removed to this Court on March 9, 2022. The State of Indiana intervened pursuant

1

to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403.

The instant motions for summary judgment were filed on November 25, 2023, and November 27, 2023. Plaintiff filed her responses on January 25, 2024, School Defendants filed their reply on February 19, 2024, and Intervenor filed its reply on February 8, 2024.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.    Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.    Material Facts

Gary Community School Corporation ("GCSC") is under state control, pursuant to Indiana Code § 6-1.1-20.3-6.8. The State of Indiana contracted with MGT of America Consulting, LLC ("MGT") to operate GCSC. Gary Schools Recovery, LLC ("GSR") is a wholly owned subsidiary of MGT whose purpose is to fulfill MGT's obligation under its contract with the State of Indiana. Peter Morikis ("Morikis") is the Emergency Manager of GCSC.

Plaintiff was a teacher with GCSC from 2001 until 2012 and was later rehired as a teacher by GCSC for the 2019-2020 school year. On November 1, 2019, a complaint was made about Plaintiff, claiming that Plaintiff called a student ugly. Plaintiff denied calling the student ugly but reported having heard another student call the subject student ugly.

Plaintiff participated in the investigation conducted by the GCSC Director of Human Resources into the complaint. On December 5, 2019, a notice about that complaint was issued. Plaintiff requested a private conference which occurred on January 9, 2020. On January 16, 2020,

3

GCSC Deputy Superintendent Douglas recommended that Plaintiff's contract be cancelled. On January 14, 2020, Plaintiff requested a final conference, which occurred on February 11, 2020. Plaintiff appeared, with counsel, at the final conference. Plaintiff requested copies of all video footage of the incident, as well as all information regarding the allegations; those requests were denied. On February 13, 2020, Morikis issued Findings of Fact and Decision terminating Plaintiff's contract, effective that day, on the basis that she neglected her duty and her conduct otherwise constituted good cause or just cause to cancel her employment contract.

**IV.    Analysis**

Plaintiff claims that the statutes under which School Defendants operated when terminating her employment were unconstitutional either as prohibited special legislation or because they violated the contracts clauses of the federal or state constitutions. Plaintiff also asserts constitutional claims of deprivation of rights and for breach of contract. The State of Indiana argues that the statute which subjected the Gary schools to state control (Indiana Code § 6-1.1-20.3-6.8) is constitutionally permissible special legislation and that the process statute (Indiana Code § 20-28-7.5-1) does not violate the contract clauses of either the federal or state constitutions. School Defendants argue that the individual defendant, Morikis, should have judgment entered in his favor because he has qualified immunity, that Gary Schools Recovery LLC and MGT should have judgment entered in their favor because the undisputed evidence is that Plaintiff's contract was with GCSC and not the other entities, and that GCSC should have judgment entered in its favor because it afforded Plaintiff all process due, and did not breach its contract with her.

A.    Claims of Unconstitutionality

Plaintiff asserts two challenges to the constitutionality of the statutes under which School

Defendants acted: that Indiana Code § 6-1.1-20.3-6.8 is unconstitutional special legislation and that Indiana Code § 20-23-7.5-1 violates the contract clauses of both the federal and state constitutions.

    *i.*    *Contract Clauses*

Both the United States and Indiana constitutions prohibit the passage of legislation which "impairs the obligation of contracts." U.S. Const. art. 1, § 10; Ind. Const. art. 1, § 24. To be unconstitutional, a law must "operate as a substantial impairment of a contractual relationship." *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). An assessment of whether the impairment is substantial requires an examination of "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 822 (7th Cir. 2019).

Plaintiff alleges that the process given under Indiana Code § 20-23-7.5-1 ("New Process") violates the contract clauses of both the United States and Indiana Constitutions. School Defendants argue that the New Process is equivalent to, or in excess of, the process given to teachers under Indiana Code § 20-28-6-8 (2007) ("Prior Process"), and that Plaintiff received all process due under either the New Process or the Prior Process. In particular, Indiana argues that the New Process does not substantially impair any contractual rights Plaintiff had as a tenured teacher, is not significantly different from the Prior Process, and that Plaintiff has not shown that her employment would not have been terminated under the Prior Process. Plaintiff argues that the New Process under which her employment was terminated altered the rights to which she was entitled under the Prior Process.

Plaintiff argues that the Prior Process provided that because she was employed for more

than five successive years and then entered into a new contract for further services, she had "earned a vested contractual right to an indefinite teacher's contract until the age of seventy-one (71), and that 'at any time' she entered into a 'contract for further service' she would continue to be entitled to the tenure and contractual rights and procedures she had earned indefinitely." Pl. Br. p. 2 [DE 60]. Specifically, she argues that: (1) she was entitled to written notice of the date, time and place at which the allegations against her would be considered by GSCS thirty to forty days prior to the date of consideration, (2) the hearing should have been held before, and the decision made by, the governing body of the GCSC, and (3) she was entitled to be heard and to present testimony and other evidence to the governing body of the GSCS. Instead, she argues, under the New Process, the initial notice to Plaintiff informed her of the decision, the decision was made by the emergency manager, and she was not permitted to obtain evidence regarding the incident at the heart of the proceedings.

In order to succeed on a contracts clause claim, a plaintiff must prove that the modification of her contract by the state law was a "substantial impairment." *See Allied Structural Steel Co. Spannaus*, 438 U.S. 234, 244 (1978) ("Minimal alternation of contractual obligations may end the enquiry at its first stage."). A court should focus its inquiry on whether there was a "sudden, totally unanticipated, and substantial retroactive chance in the law." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 824 (7th Cir. 2019).

The deadlines for the school district to hold hearings and take action differ between the two statutory schemes, but it is not apparent whether those different deadlines adversely impairs the parties' constitutional right to be free from interference with a contract. The procedures set forth in the New Process offer more process to an affected teacher than the Prior Process in that the teacher has an opportunity for an additional private conference. There are differences in the

6

role, and timing of the involvement, of the governing body. The Court also notes that the parties do not agree on who the governing body is: Plaintiff argues that it is the school board, and School Defendants argue that it is the emergency manager, and that the school board was purely advisory. The substantive change which arguably most substantially impairs a teacher's contractual rights is the timing of when the teacher's contract can be cancelled for certain described reasons. Indiana argues that there is no indication in the New Process that it applies to previously-vested teachers and therefore it is not facially invalid, and the only inquiry the Court should make is whether its application to Plaintiff was improper. Plaintiff argues that immediate termination of her contract for neglect of duty or other just cause was improper and violated her right to work through the end of the school year, depriving her of her contracted-for pay. In short, Plaintiff argues that New Process acts to deprive her of vested rights she acquired as a tenured teacher.

When faced with a challenge to a state statute's constitutionality, it is not favored for federal courts to decide constitutionality when the state courts have not addressed the issue. *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 85 L. Ed. 971, 61 S. Ct. 643 (1941). *Pullman* abstention is required when a state law is uncertain, and a state court's clarification of it might make a federal court's constitutional ruling unnecessary. The main purpose of *Pullman* abstention is to avoid, if possible, a federal court's having to declare a state statute unconstitutional before giving the state courts a chance to interpret it narrowly. *Mazanec v. North Judson-San Pierre School Corp.,* 763 F.2d 845, 847 (7th Cir. 1985); *Haw. Hous. Auth. v. Midkiff,* 467 U.S. 229, 81 L. Ed. 2d 186, 104 S. Ct. 2321 (1984)). Thus, for a federal court to abstain under *Pullman,* the Seventh Circuit requires that two elements be present: (1) some risk that a state statute will be found unconstitutional unless narrowed, and (2) some reasonable chance that the statute can be narrowed through interpretation. *Mazanec,* 763 F.2d. at 847. Indeed, in the

present case, Indiana has suggested that the New Process can be narrowed to not apply to tenured teachers in a manner which deprives them of any vested rights.

An alternative to abstention under the *Pullman* doctrine is to certify the question to the Indiana Supreme Court. Indiana Appellate Rule 64 states that a district court "may certify a question of Indiana law to the Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling precedent." Ind. R. App. P. 64. The claim by Plaintiff that the provisions of Indiana Code § 20-28-7.5, in particular, 20-28-7.5-1(b), unconstitutionally deprive her of contractual rights to a particular process or to have her contract terminated immediately rather than at the conclusion of the then-current school year, fit squarely within this Rule. The Court cannot determine Plaintiff's rights under either her United States or Indiana Constitutional claims without knowing whether Indiana Code § 20-28-7.5, including 20-28-7.5-1(b), applies to terminations of a tenured teacher's contract when the teacher had acquired tenure prior to its enactment, because no Indiana court has provided guidance on the issue. In order to resolve these issues, the Court will certify the question to the Indiana Supreme Court.

    *ii.*    *Special Legislation*

The Indiana Constitution prohibits the Indiana legislature from passing statutes which would, among other categories of legislation not relevant to this case, "provid[e] for the support of common schools, or the preservation of school funds." Ind. Const. Art. IV, Sec. 22. The Indiana Constitution also states: "In all the cases enumerated in the preceding section and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." Ind. Const. Art, IV, Sec. 23.

In Count V, Plaintiff alleges that the statutory scheme that created the Gary Community

School Corporation and placed the operation of the schools in Gary, Indiana, under state control is impermissible special legislation, prohibited as legislation which provided for the support of common schools or the preservation of school funds in contravention of Section 22. Indiana argues that the statutory scheme is permissible special legislation because it does not fall within the prohibited enumerated category of statutes dealing with funding for schools (Section 22), and that the distressed condition of the Gary schools warranted special legislation despite Section 23.

Indiana argues that the reason the prohibition against legislation to fund public schools was included in the Constitution was in order to eliminate the then-existing system of having both state and local schools and prohibit the legislature from separately funding local schools. *City of Lafayette v. Jenners*, 10 Ind. 70, 72, on reh'g, 10 Ind. 74 (1857). Plaintiff does not dispute that that is the reason for the constitutional prohibition but argues that "the whole purpose of the state attempting to take over the GCSC was to support the school district in its finances because it was in such financial distress." Pl. Br. p. 7 [DE 60].

Indiana also argues that the statutes are permissible special legislation because of the particular circumstances experienced by the Gary schools: declining enrollment, fiscal distress, and outdated facilities. The Indiana Court of Appeals upheld a statutory scheme which differentiated between the school system in Indianapolis and all other school systems in Indiana based on population and geographic classifications, stating "the legislature could have reasonably concluded that such circumstances could not be adequately addressed through a general law thereby making a special law necessary." *Ind. State Teachers Ass'n. v. Bd. of Sch. Comm'rs. of the City of Indianapolis*, 679 N.E. 2d 933, 937 (Ind. Ct. App. 1997). Like with the Indianapolis schools, factors permitting the legislature to come to this conclusion included underperformance by the school system when compared to neighboring school districts. *Id*. In the case of the Gary

schools, the school district was deemed distressed by the legislature, and the legislature intervened in order to keep it from potential insolvency. However, no party presents any facts in the record to suggest whether the legislature's conclusion "that such circumstances could not be adequately addressed through a general law thereby making a special law necessary" was proper or improper. *Ind. State Teachers Ass'n. v. Bd. of Sch. Comm'rs. of the City of Indianapolis*, 679 N.E. 2d 933, 937 (Ind. Ct. App. 1997). In light of the lack of Indiana authority interpreting or analyzing the statute, this issue will also be certified to the Indiana Supreme Court. Ind. R. App. P 64.

### B.    Claims against Individual Defendant

Count II of Plaintiff's Complaint asserts claims against the emergency manager of GSCS, Peter Morikis, in his individual capacity, for violations of the due process and contracts clauses of the federal and state constitutions. Defendant Morikis argues that he is entitled to qualified immunity because there is no "clearly established constitutional right" which he is alleged to have violated. Plaintiff argues that there is no qualified immunity because her rights are clearly established.

Individual capacity lawsuits seek to impose personal liability upon government officials for actions taken under color of state law. *Graham*, 473 U.S. at 165. Section 1983 "creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). There must be "specific allegations of individual conduct causing or participating in a constitutional deprivation, [or] the complaint fails to satisfy the pleading requirements for a Section 1983 individual-capacity suit." *Johnson v. Chi. Transit Auth.*, No. 14 CV 09432, 2015 U.S. Dist. LEXIS 111467 at *12 (N.D. Ill. Aug. 24, 2015). To recover damages from an individual defendant acting in their individual capacity, a

Section 1983 plaintiff "must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Mejia v. Town of Cicero*, No. 07-CV-5923, 2008 U.S. Dist. LEXIS 81414 *7 (N.D. Ill. Aug. 27, 2008) (explaining that an official "must in other words act either knowingly or with deliberate, reckless indifference").

Qualified immunity protects individual officials from liability unless the conduct violates "clearly established constitutional rights" for which there is existing precedent which makes the question "beyond debate." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021). In this case, there is no precedent which makes the questions of whether Plaintiff was entitled to some process other than what she was given, whether she was deprived of a vested right to remain employed through the end of the school year, or whether the statutes at issue were impermissible special legislation beyond debate. Plaintiff is therefore not entitled to bring her causes of action against Defendant Morikis in his individual capacity. *Id.*

Because of the constitutional issues raised, the Court cannot address the claims set forth in Counts I ,III, IV, and V until after the Indiana Supreme Court has answered the certified questions.

**V.     Conclusion**

Accordingly, the Court:

1) **GRANTS in part** Defendants' Motion for Summary Judgment [DE 49] as described above and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Peter Morikis against Plaintiff Tanesha Best on Count II;

2) **DENIES in part** Defendants' Motion for Summary Judgment [DE 49] and Intervenor State of Indiana's Motion for Summary Judgment [DE 52] as to Counts I, III, IV, and V, as to the questions certified below, with leave to refile after the Court receives the Indiana Supreme Court's answer on these issues; and

3) **CERTIFIES** the following questions to the Indiana Supreme Court:

  a. "Does Indiana Code § 20-28-7.5 apply to teachers who had tenure before its enactment to mandate that the process for termination of tenured teacher's contracts must follow the process contained in it?"

  b. "Does Indiana Code § 20-28-7.5-1(b) apply to teachers who had tenure before its enactment to permit the termination of tenured teacher's contract immediately for neglect of duty or good or just cause?"

  c. "Is Indiana Code § 6-1.1-20.3-6.8 constitutionally impermissible special legislation?"

Should the Indiana Supreme Court accept the certification of these questions, it of course has the discretion to reformulate the questions as it sees fit, and nothing in this opinion is meant to limit the scope of the inquiry undertaken by the Indiana Supreme Court. *See Craig v. FedEx Ground Package Sys., Inc*., 686 F.3d 423, 431 (7th Cir. 2012);

4) Pursuant to Indiana Appellate Rule 64(B), the Court **DIRECTS** the Clerk of the Court to provide the Indiana Supreme Court with copies of:

  a. This Order;

  b. The docket in this case, including the names of the parties and their counsel;

  c. The Complaint [DE 1], Defendants' Motion for Summary Judgment [DE 49], Memorandum in Support of Motion for Summary Judgment [DE 50], Plaintiff's Objection to Defendant Gary Community School Corporation's Motion for Summary Judgment [DE 57], Plaintiff's Designated Evidence [DE 59], Reply Memorandum in Support of Motion for Summary Judgment [DE 65], Reply to

Statement of Additional Material Facts [DE 66], Intervenor State of Indiana's Motion for Summary Judgment [DE 52], Intervenor State of Indiana's Memorandum in Support Motion for Summary Judgment [DE 53], Intervenor State of Indiana's Statement of Undisputed Material Facts [DE 54], Plaintiff's Objection to Intervenor's Motion for Summary Judgment [DE 60], Plaintiff's Response to Intervenor State of Indiana's Statement of Undisputed Material Facts [DE 61], and Intervenor State of Indiana's Reply in Support of Motion for Summary Judgment [DE 64]; and

5) The Court **DIRECTS** the Clerk of the Court to **STATISTICALLY CLOSE this case to be reopened** following receipt of the answers from the Indiana Supreme Court.

SO ORDERED this 9th day of August, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record