## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| TANESHA BEST, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-56-JEM |
| | ) | |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 49] filed by Defendants Gary Community School Corporation, Gary Schools Recovery LLC, MGT of America Consulting, LLC and Dr. Peter Morikis ("School Defendants") on November 27, 2023, and Intervenor State of Indiana's Motion for Summary Judgment [DE 52] filed on November 28, 2023.

### I.    Background

On February 11, 2022, Plaintiff Tanesha Best filed a Complaint in state court alleging that she was wrongfully terminated by School Defendants and raising claims under the state and federal constitution. The matter was removed to this Court on March 9, 2022. The State of Indiana intervened pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403.

The instant motions for summary judgment were filed on November 27 and 28, 2023. Plaintiff filed her responses on January 25, 2024, School Defendants filed their reply on February 19, 2024, and Indiana filed its reply on February 8, 2024. On August 9, 2024, the Court entered an Order entering judgment in favor of Defendant Morikis on Count II and certifying the questions involving whether statue statutes violated the Indiana state constitution to the Indiana Supreme

1

Court. The Indiana Supreme Court declined to address the questions, and the matter was reopened in September 2024. The parties declined the Court's offer to permit them to submit supplemental briefing, so the matter is before the Court on the original briefs.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.    Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

## III.    Facts

Gary Community School Corporation ("GCSC") is under state control pursuant to Indiana Code § 6-1.1-20.3-6.8. Indiana contracted with Defendant MGT of America Consulting to operate the school corporation. Defendant Gary Schools Recovery is a wholly owned subsidiary of MGT whose purpose is to fulfill MGT's obligations with respect to GCSC. The emergency manager of GCSC at all times relevant was Dr. Peter Morikis, who is no longer a party to this case. Plaintiff

Tanesha Best was a teacher with GCSC from 2001 until 2012 and was later rehired as a teacher by GCSC for the 2019-2020 school year. On November 1, 2019, a complaint was made about Plaintiff. Plaintiff participated in the investigation conducted by the GCSC Director of Human Resources into the complaint. On January 16, 2020, GCSC Deputy Superintendent Douglas recommended to Morikis that Plaintiff's contract be cancelled. On January 14, 2020, Plaintiff requested a final conference with Morikis. Plaintiff appeared, with counsel, at the final conference on February 11, 2020. On February 13, 2020, Morikis issued Findings of Fact and Decision terminating Plaintiff's contract, effective that day, on the basis that she neglected her duty and her conduct constituted good cause or just cause to cancel her employment contract.

## IV.    Analysis

Defendants move for judgment on Plaintiff's remaining claims: that the laws under which she was terminated violate the contracts clauses of the United States and Indiana Constitutions because they impair a contractual relationship, that Plaintiff's due process rights were violated by the method of her termination, and that the statutes creating the Gary Community School Corporation are not permissible special legislation under the Indiana Constitution. The State of Indiana argues that the statute which subjected the Gary schools to state control (Indiana Code § 6-1.1-20.3-6.8) is constitutionally permissible special legislation and that the method of Plaintiff's termination did not violate her due process rights or the contract clause of either the federal or state constitutions. School Defendants argue that Plaintiff received all of the process to which she was due under either the statute in effect in 2007 or the current procedure and that the use of the current procedure did not violate the contracts clause.

A.    Contract Clauses and Due Process

Plaintiff alleges that her contractual relationship with GCSC was impaired when she was terminated from her employment under the new termination provisions rather than those in effect in 2007. Defendants argue that Plaintiff's contract termination was conducted in accordance with the relevant statute and that she received all the process she was due, and that the new statute governing termination did not substantially impair Plaintiff's contractual relationship with GCSC.

Both the United States and Indiana constitutions prohibit the passage of legislation which "impairs the obligation of contracts." U.S. Const. art. 1, § 10; Ind. Const. art. 1, § 24. To be unconstitutional, a law must "operate as a substantial impairment of a contractual relationship." *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). An assessment of whether the impairment is substantial requires an examination of "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 822 (7th Cir. 2019). Likewise, the federal and state constitutions prohibit the deprivation "of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. Indiana state law "confers on permanent teachers a property interest in their jobs" so "termination of their employment must comport with due process requirements. Accordingly, the statutes provide notice and hearing requirements before a school board may deprive a teacher of his or her right to employment." *Smith v. Bd. of Sch. Trustees of Monroe Cnty. Cmty. Sch. Corp.*, 991 N.E.2d 581, 587 (Ind. Ct. App. 2013) (citing *Bd. of Sch. Comm'rs of Indianapolis v. Walpole*, 801 N.E.2d 622, 625 (Ind.2004)); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985) ("The tenured public employee is entitled to oral or written

notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.").

Defendants argue that they are entitled to judgment on Plaintiff's claims because the new legislation governing termination did not substantially impair the contractual relationship between GCSC and Plaintiff, and that she was not deprived of any due process rights that she was owed. Plaintiff does not argue that she was afforded no process, but that her indefinite contract was breached by GCSC when it relieved her from her employment without following the termination process in place in at the time she obtained tenure. In particular, Plaintiff argues that because she was employed for more than five successive years and then entered into a new contract for further services, she had "earned a vested contractual right to an indefinite teacher's contract until the age of seventy-one (71), and that 'at any time' she entered into a 'contract for further service' she would continue to be entitled to the tenure and contractual rights and procedures she had earned indefinitely." Pl. Br. p. 2 [DE 60]. She alleges that she was considered a tenured teacher by at least 2007, and therefore that the laws in effect at that time govern the tenure and contractual rights and process that she was due upon termination proceedings.

In Indiana, once a teacher is tenured, they "have an 'indefinite contract' that entitles them to employment contracts each year unless the employer has good cause to fire them." *Elliott v. Bd. of Sch. Trustees of Madison Consol. Sch.*, 876 F.3d 926, 929 (7th Cir. 2017) (citing Ind. Code § 26-6967.1 (1927); *Lost Creek School Township v. York*, 215 Ind. 636, 21 N.E.2d 58, 64 (1939). There can continue to be annual contracts between the teacher and the school, which "can adjust variable terms like salary, hours, and the length of the school year, but they must always comply with the [Teacher Tenure] Act." *Id*. Furthermore "[i]n case of a conflict, the indefinite contract

terms set by statute supersede the annual employment contract." *Id*. (citing *School City of Lafayette v. Highley*, 213 Ind. 369, 12 N.E.2d 927, 930 (1938)).

Defendants argue that the contract Plaintiff signed for the 2019-2020 school year explicitly lays out the statutes that govern the procedure for termination and that this contract supersedes the termination proceedings in existence when Plaintiff obtained tenure. They also argue that the new statute governing termination, which went into effect in 2011, does not substantially impair any contractual rights Plaintiff had as a tenured teacher and is not significantly different from the prior process. School Defendants argue that the process Plaintiff received during her termination proceedings was consistent with both the new statute and the process required at the time she was tenured.

In order to succeed on a contracts clause claim, a plaintiff must prove that the modification of her contract by the state law was a "substantial impairment." *Allied Structural Steel Co. Spannaus*, 438 U.S. 234, 244 (1978) ("Minimal alternation of contractual obligations may end the enquiry at its first stage."). A court should focus its inquiry on whether there was a "sudden, totally unanticipated, and substantial retroactive chance in the law." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 824 (7th Cir. 2019).

Plaintiff argues that GCSC was required to comply with the previous process to terminate her, rather than that laid out in the 2011 statute. She points out a number of differences between the two processes, including the timing of a hearing, who should hold the hearing, what evidence she could present, and who would make the final termination decision. Defendants argue that Plaintiff has not alleged that a different process would have yielded a different result and therefore the new procedures are not substantial impairments of her rights. Plaintiff does not include any

specific arguments as to how most of the differences she identifies could be considered substantial impairments, and it does not appear that Plaintiff is alleging that the termination procedure failed to meet the minimum standards of constitutional due process, since she was given "notice of the charges against . . . her, an explanation of the employer's evidence, and an opportunity to present . . . her side of the story." *Smith v. Bd. of Sch. Trustees of Monroe Cnty. Cmty. Sch. Corp.*, 991 N.E.2d 581, 587 (Ind. Ct. App. 2013). Plaintiff has failed to argue that the process she received was, even if different from that she may have been entitled to, constitutionally deficient.

Plaintiff does point out that her contract was terminated immediately but argues that under the termination proceedings in effect in 2007 she would have received her contracted pay for the rest of the school year. Indiana argues that the few weeks of employment do not meet the bar for "substantial impairment" of a contractual right. "Laws impairing contracts violate the Contract Clause only if the impairment is substantial," so the Court must consider "whether the impairment disrupts reasonable contractual expectations." *Elliott v. Bd. of Sch. Trustees of Madison Consol. Sch.*, 876 F.3d 926, 934 (7th Cir. 2017) (citing *Energy Reserves Group v. Kansas Power & Light Co.*, 459 U.S. 400, 411, 413-16, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 245, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978)). Stated another way, "'an impairment is substantial if it disrupts actual and important reliance interests' and the parties did not anticipate or foresee the change in the law." *Anderson Fed'n of Tchrs. v. Rokita*, 546 F. Supp. 3d 733, 744 (S.D. Ind. 2021) (quoting *Elliott*, 876 F. 3d at 935). Foregoing weeks of salary, particularly for teachers who already "as a matter of economics have traded higher salaries for the protections that tenure offers over the course of a career" and "earn lower salaries than similarly educated professionals," could be considered to disrupt Plaintiff's contractual expectations. *Elliott*,

7

876 F. 3d at 934.

Defendants' dismissal of Plaintiff's loss of salary as unsubstantial is insufficient for the Court to conclude that the change does not violate the contracts clause. However, Plaintiff did not file her own motion for summary judgment, and her unsupported arguments about an indefinite financial loss are insufficient for the Court to conclude that the impairment with her contractual rights are substantial enough to be unconstitutional as applied. Defendants have failed to demonstrate that they are entitled to judgment on Plaintiff's claims under the contracts clause.

B.    Special Legislation

Plaintiff alleges that the laws which created the emergency manager control of GCSC are unconstitutional, violating Indiana's prohibition on local and special laws. Defendants argue that they are entitled to judgment on these claims because the challenged laws are permissible legislation.

The Indiana Constitution prohibits the Indiana legislature from passing "local or special laws . . . [p]roviding for the support of common schools, or the preservation of school funds." Ind. Const. Art. IV, Sec. 22. The Indiana Constitution also requires that "in all . . . cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." Ind. Const. Art, IV, Sec. 23. In her Complaint, Plaintiff alleges that the statutory scheme that created the Gary Community School Corporation and placed the operation of the schools in Gary, Indiana, under state control is impermissible special legislation under Section 23 and prohibited as legislation which provided for the support of common schools or the preservation of school funds in contravention of Section 22. Indiana argues that it is entitled to summary judgment since the statutory scheme is permissible special legislation because it does not fall within the

enumerated category of statutes dealing with funding for schools prohibited by Section 22, and the scheme is consistent with the special legislation provisions of Section 23.

Indiana argues that the challenged legislation does not provide for the funding of the Gary public schools, but instead designates GCSC as a distressed political subdivision and provides for personnel and management of the school system. It asserts that the prohibition against legislation to fund public schools was included in the Indiana Constitution to eliminate the then-existing system of having both state and local schools and to prohibit the legislature from separately funding local schools and that creating a particular management structure to oversee a school system does not violate the constitutional prohibition. Plaintiff agrees that the purpose of the GCSC takeover was to support the school district's finances due to its financial distress. She asserts that that the law gives the emergency manager authority to develop benefits and create financial plans and argues, without citation, that that authority to make decisions that involve finances is equivalent to the prohibited school funding laws. The challenged statute does not create two separate school systems or separate taxation schemes. *See City of Lafayette v. Jenners*, 10 Ind. 70, 72, on reh'g, 10 Ind. 74 (1857). Despite Plaintiff's vague assertion, she does not include any caselaw, and the Court can find none, that supports her argument that the creation of a school-related scheme that by necessity involves spending money is a violation of the constitutional prohibition against local funding of a separate school system in Section 22.

Plaintiff argues simply that the legislation is invalid under Section 23 because it is tailored to Gary and treats the rest of the state differently. Indiana also argues that the statutes are permissible special legislation because of the particular challenges facing the Gary schools, including declining enrollment, fiscal distress, and outdated facilities.

Special legislation is not always unconstitutional; instead, "the constitutionality of special legislation hinges on the uniqueness of the identified class and the relationship between that uniqueness and the law." *City of Hammond v. Herman & Kittle Properties, Inc.,* 119 N.E.3d 70, 84 (Ind. 2019). In particular, special legislation can be constitutional if "an affected class's unique characteristics justify the differential treatment the law provides to that class. But a special law violates Article 4, Section 23 when there are no unique circumstances of an affected class that warrant the special treatment—meaning that a general law could be made applicable." *Id*. (citations omitted). In this case, Indiana argues that the unique characteristics of Gary justify the special legislation, and there is no general law to address the circumstances faced by Gary. The legislature concluded that the legislation was "necessary to address the unique issues faced by the Gary Community School Corporation" and that its provisions "may not be appropriate for addressing issues faced by other school corporations;" in other words, the law could not be made general and still address the particular unique circumstances. Ind. Code § 6-1.1-20.3-6.8. Indiana analogizes this situation to that addressed by the Indiana Court of Appeals in an action upholding legislation that applied only to the Indianapolis Public Schools. *Ind. State Teachers Ass'n. v. Bd. of Sch. Comm'rs. of the City of Indianapolis*, 679 N.E. 2d 933, 937 (Ind. Ct. App. 1997). As in this situation, the text of the challenged statute "itself sets forth the circumstances surrounding its enactment," and the court found that "[b]ased upon the existence of these unique circumstances, the legislature could have reasonably concluded that such circumstances could not be adequately addressed through a general law thereby making a special law necessary," so the special law was constitutional. *Id*. at 937-938. Although the argument presented to the Court by both parties in this case is extremely sparse, review of the text of the statute itself, and bearing in mind that "there is

10

an overarching presumption that the statute is constitutional . . . [s]o in close cases, the special law will be upheld," *City of Hammond v. Herman & Kittle Properties, Inc.*, 119 N.E.3d 70, 84 (Ind. 2019) (citing *State v. Buncich*, 51 N.E.3d 136, 141, 143 (Ind. 2016)), the Court finds that Defendants are entitled to judgment on this claim.

## V.    Conclusion

Accordingly, the Court **GRANTS in part** Defendants' Motion for Summary Judgment [DE 49] and Intervenor State of Indiana's Motion for Summary Judgment [DE 52] as described above and **ORDERS** that judgment is entered in favor of Defendants on Plaintiff's due process claims and her request for declaratory judgment with respect to the special legislation that designated GCSC a distressed political subdivision.

A hearing will be set by separate order.

SO ORDERED this 5th day of March, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

11