UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANESHA BEST, </br>     Plaintiff, | ) </br> ) </br> ) |
| v. | )    CAUSE NO.: 2:22-CV-56-JEM </br> ) |
| GARY COMMUNITY SCHOOL </br> CORPORATION, *et al*., </br>     Defendants. | ) </br> ) </br> ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 81] filed by Defendants Gary Community School Corporation, Gary School Recovery, LLC, and MGT of America Consulting, LLC, on June 27, 2025. Plaintiff filed a response on August 22, 2025, and on September 18, 2205, Defendants filed a reply.

**I.     Background**

On February 11, 2022, Plaintiff Tanesha Best filed a Complaint in state court alleging that she was wrongfully terminated and raising claims under the state and federal constitution. The matter was removed to this Court on March 9, 2022. The State of Indiana intervened pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403. Previous motions for summary judgment were granted in part on March 5, 2025, leaving only Plaintiff's claims that the remaining Defendants violated her contract clause rights by the method of her termination. The State of Indiana is no longer an interested party in this case.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

## II. Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

## III. Facts

Plaintiff Tanesha Best was a teacher with Gary Community School Corporation ("GCSC") from 2001 until 2012 and was later rehired as a teacher by GCSC for the 2019-2020 school year. Indiana Code §§ 20-28-7.5-1 et seq., enacted in 2012, was expressly referenced in her 2019-2020 teaching contract.

On January 16, 2020, GCSC Deputy Superintendent Douglas recommended to the GCSC manager that Plaintiff's contract be cancelled. On January 14, 2020, Plaintiff requested a final conference with the GCSC manager. Plaintiff appeared, with counsel, at the final conference on February 11, 2020. On February 13, 2020, the GCSC manager issued Findings of Fact and Decision terminating Plaintiff's contract, effective that day, on the basis that she neglected her duty and that her conduct constituted good cause or just cause to cancel her employment contract.

**IV.     Analysis**

Defendants argue that they are entitled to judgment on Plaintiff's remaining claims because the cancellation of her teaching contract did not violate the contracts clause of the United States Constitution and there is no private action for damages under the Indiana Constitution. Plaintiff argues that Defendants are not entitled to judgment on her federal contracts clause claim because her immediate termination without pay was a substantial impairment of her contract rights.

Defendants argue that there is no private cause of action for damages under the Indiana Constitution. Plaintiff's claims for monetary damages pursuant to the Indiana Constitution cannot proceed. *Barr v. St. John*, No. 2:23-CV-335 JD, 2024 WL 3534611, at *4 (N.D. Ind. July 24, 2024) ("the Indiana Constitution does not support a private cause of action") (listing cases) (citations omitted); *Holl v. Otis R. Bowen Ctr. for Hum. Servs., Inc.*, No. 3:18CV2-PPS/MGG, 2018 WL 3389903, at *4 (N.D. Ind. July 12, 2018) ("both Indiana and federal courts have declined to find an implied right of action for damages under the Indiana constitution"); *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 27 N.E.3d 737, 749 (Ind. 2015) ("Indiana's [constitution] does not provide a private right of action to pursue monetary damages").

As to her federal constitutional rights, Plaintiff alleges that her contractual relationship with GCSC was impaired when she was terminated from her employment effective immediately under the 2012 provisions rather than those in effect when she received tenure in 2007, which would have entitled her to receive her salary through the end of the school year. Defendants argue that Plaintiff's contract termination was conducted in accordance with the relevant statute and that the new statute governing termination did not substantially impair Plaintiff's contractual relationship with GCSC.

The United States Constitution prohibits the passage of legislation which "impairs the obligation of contracts." U.S. Const. art. 1, § 10. To be unconstitutional, a law must "operate as a substantial impairment of a contractual relationship." *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). An assessment of whether the impairment is substantial requires an examination of "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 822 (7th Cir. 2019).

Defendants argue that they are entitled to judgment on Plaintiff's claims because her rights were not substantially impaired by the timing of her termination and, even if they were, any impairment was reasonable and necessary for an important public purpose. They point out that even under the old statute, there were reasons why Plaintiff's contract could be cancelled effective immediately. Plaintiff argues that at the time she became tenured, she could not have reasonably anticipated a change in the tenure statute that would lead to her immediate termination for the actions she was alleged to have taken.

In Indiana, once a teacher is tenured, they "have an 'indefinite contract' that entitles them to employment contracts each year unless the employer has good cause to fire them." *Elliott v. Bd. of Sch. Trustees of Madison Consol. Sch.*, 876 F.3d 926, 929 (7th Cir. 2017) (citing Ind. Code § 26-6967.1 (1927)); *Lost Creek School Township v. York*, 215 Ind. 636, 21 N.E.2d 58, 64 (1939). There can continue to be annual contracts between the teacher and the school, which "can adjust variable terms like salary, hours, and the length of the school year, but they must always comply with the [Teacher Tenure] Act" and "[i]n case of a conflict, the indefinite contract terms set by statute supersede the annual employment contract." *Id*. (citing *School City of Lafayette v. Highley*,

4

213 Ind. 369, 12 N.E.2d 927, 930 (1938)).

Plaintiff argues that she was entitled to payment until the end of the school year under the previous legislation and that immediately terminating her employment without pay was a substantial impairment of her rights. In order to succeed on a contracts clause claim, a plaintiff must prove that the modification of her contract by the state law was a "substantial impairment." *Allied Structural Steel Co. Spannaus*, 438 U.S. 234, 244 (1978) ("Minimal alternation of contractual obligations may end the enquiry at its first stage."). A court should focus its inquiry on whether there was a "'sudden, totally unanticipated, and substantial[ly] retroactive" change in the law." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 824 (7th Cir. 2019) (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 240–41 (1978)); *see also Anderson Fed'n of Tchrs. v. Rokita*, 546 F. Supp. 3d 733, 744 (S.D. Ind. 2021) (quoting *Elliott*, 876 F. 3d at 935) ("'an impairment is substantial if it disrupts actual and important reliance interests' and the parties did not anticipate or foresee the change in the law").

Defendants argue that because the prior statute provided some circumstances under which Plaintiff's contract might have been terminated immediately, the legislation did not cause a substantial impairment. Plaintiff argues that she could not have anticipated immediate termination for the reasons given for her termination, since those reasons were not any of the reasons that would lead to immediate termination under the legislation in effect when she received tenure.

"Legislation causes a substantial impairment if it alters a central undertaking of the contract that substantially induced a party to enter the bargain." *Elliott*, 876 F.3d at 934 (quoting *City of El Paso v. Simmons*, 379 U.S. 497, 514 (1965)) (quotation marks omitted). Defendants argue that the change in the statutory relationship in this case only expanded the reasons for immediate

5

termination, not the basis of the entire tenure system, and therefore is not a substantial impairment. They posit that termination timing is not a central undertaking of the contract since the previous contract contemplated immediate termination under some circumstances. Defendants argue that the facts in this case can be distinguished from the change in the law at issue in *Elliott*. In that case, reductions in force had been based on teacher tenure, but the new statute based reductions on performance instead, a large change in employment conditions for teachers. The change in this case is less significant than that litigated in *Elliott*, but, as the Seventh Circuit explained in that case, changes in the tenure structure change the bargain teachers make to accept their jobs. 876 F.3d at 936 ("change in the fundamental trade-off of job security for money" was "unforeseeable backtracking by the State" since "teachers [] have built their entire careers relying on those contractual rights"). Receiving salary through the end of the contracted school year unless she was terminated for one of a very few reasons was part of the bargain Plaintiff took in entering a teaching contract. Plaintiff asserts that early termination meant she was deprived of more than four months' salary, an amount of more than $30,000. Foregoing a large portion of an annual salary, particularly for teachers who already "as a matter of economics have traded higher salaries for the protections that tenure offers over the course of a career" and "earn lower salaries than similarly educated professionals," disrupted Plaintiff's contractual expectations. *Id*. at 934.

Defendants also point out that the *Elliott* plaintiff's contract was canceled the month the statute went into effect, in contrast to the seven years after the statute's passage before Plaintiff's termination. Plaintiff became tenured in 2007, at which point in time immediate termination was only contemplated for certain offenses, and not the actions she is accused of. *Id*. at 936 ("One can anticipate that any state law may change in the future, but retroactive application to impair existing

6

contract rights and reliance interests is another question. Retroactive application of legislation like Senate Bill 1 was unforeseeable when teachers like Elliott became tenured."). Any argument that Plaintiff should have anticipated the change is not fully developed and therefore waived. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Defendants argue that even if Plaintiff's loss of salary was a substantial impairment, it was reasonable for an important policy purpose because it is important for teachers to be removed from the classroom when there is good cause for their termination. However, teachers could have been removed from the classroom under the previous statute but would have received pay through the end of the school year unless the removal was for one of a handful of reasons provided. As Plaintiff argues, she could have been moved to another role or her contract could have been paid out without her working, so the argument that her missing out on several months of paychecks serves the important purpose of keeping her out of the classroom is unavailing.

To succeed on their motion for summary judgment, Defendants must demonstrate that Plaintiff's immediate termination and loss of several months of pay did not disrupt actual and important reliance interests as a matter of law and that she cannot succeed on her claim that they did. They have not met that burden and therefore are not entitled to judgment on Plaintiff's contract clause claim. Plaintiff has not moved for summary judgment. The contract clause claim remains. A hearing will be set by separate order to discuss how this case should proceed.

**V.    Conclusion**

Accordingly, the Court **GRANTS in part** Defendants' Motion for Summary Judgment

[DE 81] and **ORDERS** that judgment is entered in favor of Defendants on Plaintiff's claim for damages under the Indiana Constitution and **DENIES** the motion as to Plaintiff's claim that her contract clause rights were violated.

SO ORDERED this 23rd day of January, 2026.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record